PEOPLE ex rel. LUCEY v. MOLLOY et al.

(Supreme Court, Appellate Division, Third Department.  November 16, 1898.) .

1. MANDAMUS—BOARD OF ESTIMATE.
    Mandamus is the proper remedy to compel a city tax board of estimate and apportionment to include an amount in its return which it has erroneously omitted.

2. MUNICIPAL IMPROVEMENTS—ASSESSMENTS—REFUNDING.
    The city of Troy apportioned the cost of a street improvement among abutting owners, the city at large, and a street-railroad company;  the latter contested its assessment, which was compromised by its payment of one-half the amount assessed against it, and the city assessed the remainder, amounting to $6,896.43, to the abutters, whereupon Laws 1897, c. 324, was passed, directing that the "additional assessment of $6,384.02, made for paving" said street, be assessed, and paid by the city at large, and refunded to the abutters.  *Held*, that the statute was not defective, as incapable of enforcement, because the amount named therein was less than that required to satisfy the assessment, since the amount directed to be levied might be applied pro rata.

3. SAME—VESTED RIGHTS.
    Where the legislature, under its taxing powers, may direct that a municipal street improvement be charged on the city at large, it is no objection that such act was not passed until after the assessment was levied, and paid by abutting owners, and that the city had thereby acquired a vested right in the money received, of which the legislature could not deprive it, since by the act the city is not deprived of the assessment, but only directed to collect it from the taxpayers at large, and reimburse those who had paid.

4. CONSTITUTIONAL LAW—REVISING ENACTMENTS.
    Under its taxing power, which is plenary, except as limited by the constitution, the legislature may revise and correct its enactments so as to accomplish what it may be presumed it would have provided for had the results of its first enactments been foreseen.

5. MUNICIPAL IMPROVEMENTS—REFUNDING ASSESSMENTS.
    A legislative act directing an assessment for a municipal street improvement, which has been assessed and paid by abutting owners, to be levied on the city at large, and the amounts paid refunded to the abutters, is not void as an exercise of judicial power, as in effect vacating the assessments levied, which have the force of judgments, since the assessments are not thereby vacated, but merely directed to be paid by the city at large.

6. SAME—CONSTITUTIONAL LAW.
    Where a part of an assessment for a municipal street improvement which had been levied on a street railroad was afterwards levied on, and paid by, abutting owners, a legislative act entitled "An act for the refunding of erroneous assessments in the city of Troy" (Laws 1897, c. 324), requiring such assessment to be paid by the city at large, is not void as an exercise of judicial power, where the act itself did not declare the assessments "erroneous," and the word was not used in the title in the sense of "illegal," but that they were inequitable, merely.

Appeal from special term, Rensselaer county.

Application by the people, on the relation of James Lucey, for a writ of mandamus against Francis J. Molloy and others, constituting the board of estimate and apportionment of the city of Troy.  From an order of the special term denying a motion for a peremptory writ of mandamus directing that the respondents reconvene as the board of

estimate and apportionment of the city of Troy, and make out an estimate and apportionment, and transmit the same to the common council of the city, embracing the sum of $6,384.02, an additional assessment for the paving of River street, in order that chapter 324 of the Laws of 1897 might be carried into effect, relator appeals. Reversed.

Such act is as follows:

"An act for the refunding of erroneous assessments in the city of Troy.

"Passed without the acceptance of the city.

"Became a law April 23, 1897, with the approval of the governor. Passed, three-fifths being present.

"The people of the state of New York, represented in senate and assembly, do enact as follows:

"Section 1. The additional assessment of six thousand three hundred and eighty-four dollars and two cents, made upon the land and the owners thereof for the paving of River street from Hoosick street to the north boundary line of the city of Troy, as ordered by the common council of said city, September nineteenth, eighteen hundred and eighty-nine, shall be assessed and charged upon and paid by the city of Troy at large. And any owner of property so assessed who has paid said assessment, or any part thereof, or his assigns or personal representatives shall be refunded the amount so paid without interest.

"Sec. 2. This act shall take effect immediately."

In 1889 the common council of the city of Troy caused River street, from Hoosick street to the north bounds of the city, to be paved. The cost thereof was apportioned between the city at large, the abutting lot owners, and the Troy & Lansingburg Railroad Company, whose tracks lay upon the street. The amount assessed upon the railroad company was $25,764.73. Upon certiorari to review the latter assessment, it was vacated by the late general term. 66 Hun, 160, 21 N. Y. Supp. 34. Before the time to appeal from the judgment of the general term expired, the city and the railroad company agreed to compromise the matter upon payment by the railroad company of one-half of the assessment against it. This the railroad company paid. The city thereupon assessed about one-half of the amount left unpaid by the railroad company, namely, $6,896.43, upon the abutting lot owners from Hoosick street to the north bounds of the city. The relator, one of such owners, paid this extra assessment upon his lot. Vanderheyden street intersects River street next north of Hoosick street. It so happens that $6,384.02, the amount mentioned in the above act of 1897, is the amount of the extra assessment upon the abutting lot owners between Vanderheyden street and the north bounds of the city, and is therefore $512.41 less than enough to pay the entire extra assessment from Hoosick street to the north bounds of the city. After the passage of the act of 1897, the relator applied to the board of apportionment and assessment to include this sum of $6,384.02 in their estimate of money to be raised by the city at large, to the end that it might be levied upon and collected and applied as the act of 1897 provides. The board refused. The charter of the city (Laws 1893, c. 575, § 39) prescribes that said board must, on or before the 1st day of February in each year, make an estimate of the several sums they deem necessary to be raised by tax for the various purposes contemplated by law, specifying them, and transmit the same to the common council before the 1st of the following March. This is a requisite step in the procedure prescribed by the charter towards levying the taxes authorized by law.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Howard & Peck, for appellant.

W. J. Roche, for respondents.

LANDON, J. If the act of 1897 is a valid one, we think it was the duty of the board of estimate and apportionment to include the

sum of $6,384.02 in its estimate of the several sums necessary to be raised by taxation upon the city at large, and transmit the same to the common council. To refuse to do this was to refuse obedience to the statute. The legislature intended that all the steps necessary to the execution of the statute should be taken. Mandamus is the proper remedy. People v. Board of Sup'rs of Essex Co., 70 N. Y. 228. The respondents object that the statute is defective and not capable of enforcement. This objection rests upon the fact that the sum which the act directs to "be assessed and charged upon and paid by the city of Troy at large" is too small, by $512.41, to pay in full all of the extra assessment upon the abutting lot owners between Hoosick street and the north boundary of the city, and only enough to pay such owners between Vanderheyden street and such north boundary. No doubt, it was the intention of the legislature to charge upon the city at large the whole amount of the extra assessment from Hoosick street to the north boundary of the city,—the act apparently says so,—and that by inadvertence the sum of $6,384.02, instead of $6,896.43, was inserted in it. The deficiency is 7.43 per cent. of the full amount necessary. If I owe A. and B. each $100, and hand C. $190, with direction to pay them both in full, the direction is necessarily limited by the means, and C. would be justified in paying each $95. The act can be carried into effect in like manner; that is, by paying to the parties entitled their ratable proportion of the amount provided for the purpose. This ratable method of payment is not, however, before us for adjudication. We suggest this method, if no better be found, in order to show that the act is not so defective or ambiguous as to be self-defeating. The legislature could in the first instance have provided for charging this part of the expense of the improvement upon the city at large, and therefore could do it afterwards; no rights to the contrary meantime becoming vested. To say that after the extra assessment is laid and paid the city has a vested right to the money, of which the legislature cannot deprive it, is mistakenly to assume that the city is to be deprived of it. The city is to be deprived of nothing. It is simply to collect enough from the taxpayers of the city at large to reimburse the taxpayers of a part of the city for a payment, or to relieve them from an assessment, which, in the legislative judgment, exercised in the light of the hardship actually existing, which was not originally foreseen, should have been borne in the first instance by the city at large. It cannot be said, with respect to the power of taxation, which is plenary, except as limited by the constitution, that the legislature cannot by further legislation revise and correct its enactments so as to accomplish in the final result the same justice which. it may be presumed, it would have provided for in the first instance, if it could have foreseen the actual results to follow upon its first enactments. Genet v. City of Brooklyn, 99 N. Y. 301, 1 N. E. 777; State v. Kings Co., 125 N. Y. 320, 26 N. E. 272; People v. Board of Sup'rs of Montgomery Co., 67 N. Y. 115; People v. Board of Sup'rs of Otsego Co., 51 N. Y. 409.

It is further objected that the act is void because an exercise of judicial, instead of legislative, power, in that it in effect vacates the extra assessments, which, from the manner in which they are imposed, are judgments, or have the force of judgments. It may be conceded that

the legislature cannot exercise judicial power. It has not attempted to do so in this enactment. The assessments are not vacated. They are to be paid by the city at large, at least to the extent of the appropriation, except such as have been paid by the lot owners, and as to these the city is to refund the ratable amount of the respective payments.

The act is entitled "An act for the refunding of erroneous assessments in the city of Troy." There is nothing in the body of the act declaring the assessments erroneous. The title of this act neither adds to nor detracts from the enabling and mandatory provisions of the act itself. The word "erroneous" is not used in the title in the sense that there was any error in law in laying the additional assessment, but that it was erroneous in the sense that it was inequitable that these property holders on River street north of Hoosick street should be compelled to pay, not only the assessment first levied, but also to pay one-half of that part of the first assessment from which the Troy & Lansingburg Railroad Company escaped. In this sense, the legislature has attempted no judicial function; it has simply employed an expression which seemed to it to embrace the subject of the act, which the constitution requires to be expressed in the title.

We have examined the other objections urged by the learned corporation counsel, and do not think they justify or excuse the board of estimate and apportionment in refusing to include in their estimate and apportionment the $6,384.02, which the act declares "shall be assessed and charged upon, and paid by, the city of Troy at large."

Order reversed, with $10 costs and disbursements, and the motion for a peremptory mandamus granted, with $10 costs. All concur.